UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-539-BR

| | | |
|---|---|---|
| THEODORE JUSTICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| GRANVILLE COUNTY BOARD OF EDUCATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the 6 December 2010 Memorandum and Recommendation ("M&R") (DE # 3) of Magistrate Judge William A. Webb regarding the application filed by plaintiff Theodore Justice ("plaintiff") to proceed *in forma pauperis* (DE # 1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). The magistrate judge recommends that plaintiff's application to proceed *in forma pauperis* be granted and that the complaint be dismissed for lacking any arguable basis in law or fact. Plaintiff filed two objections to the M&R on 13 December 2010 (DE ## 5-6).

The district court reviews *de novo* only those portions of a magistrate judge's M&R to which specific objections are filed. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Local Civil Rule 72.4(b). Absent a specific and timely filed objection, the court reviews only for "clear error." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation and internal quotation marks omitted). Moreover, the Federal Magistrate Act does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Plaintiff objects to the M&R, but he does not specifically identify any factual or legal error committed by the magistrate judge. Instead, he argues that *pro se* litigants are held to less stringent pleading standards and that he is entitled to an opportunity to be heard on his claims. He also generally asserts that defendant Granville County Board of Education ("defendant") breached a duty afforded to him by the United States Constitution. He asks for a 30-day extension to amend the complaint to correct any deficiencies. Because these objections are general and conclusory in nature, the court reviews the M&R only for clear error. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Where a plaintiff has requested leave to proceed *in forma pauperis*, the court must conduct a review of the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Under this statute, a district court must dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Michau v. Charleston Cnty., S.C., 434 F.3d 725, 728 (4th Cir. 2006); Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996) (discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

As plaintiff correctly points out in his objections, this court follows the principle that the pleadings of *pro se* litigants should be held to a less stringent standard than those drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972). This court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially

2

meritorious claim.  See id.; Estelle v. Gamble, 429 U.S. 97, 106 (1976); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994).  The court conducted its review of the M&R and the other documents of record with this liberal *pro se* pleading standard in mind.

Although plaintiff's complaint is not a model of clarity, he appears to claim that his son has been denied a Free Appropriate Public Education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.*, and under § 504 of the Rehabilitation Act, 29 U.S.C. § 794.  He specifically states that he is filing for judicial review pursuant to § 1415 of the IDEA.  (Compl., DE # 1-1, ¶ 12.)  In addition, he asserts that he has been prohibited from entering the campus of his son's school in violation of his right to due process and his right to equal protection.  Plaintiff also "seeks injunctive relief under 42 U.S.C. § 1983 alleging denial of Due Process as violating written regulations and/or laws regarding Individual Education Plan."  (Compl. at 1.)

In the M&R, the magistrate judge noted that plaintiff has previously filed complaints alleging very similar facts in two other cases in this district, Theodore Justice v. Granville County Board of Education, 5:10-CV-350-BR and Theodore Justice v. Granville County Board of Education, 5:10-CV-525-BR.  In recommending the dismissal of plaintiff's prior complaint in Case No. 5:10-CV-350-BR, the magistrate judge found that plaintiff failed to exhaust his administrative remedies with respect to his IDEA claim because his complaint contained no allegation that he received an unfavorable decision from the State Review Officer.  (Theodore Justice v. Granville County Board of Education, 5:10-CV-350-BR, M&R, DE # 3, at 3-4.)  With respect to the current action, the magistrate judge found that "[t]he instant Complaint does not correct any of the deficiencies noted in Plaintiff's previous frivolous complaints, nor does he

3

assert any new claims that are valid." (M&R, DE # 3, at 2.)

The court must disagree with the magistrate judge's recommendation as it relates to plaintiff's IDEA claim. Unlike the prior complaint which contained no allegations that plaintiff exhausted his administrative remedies, this complaint sets out the necessary allegations to give rise to an IDEA claim. Plaintiff alleges that his son's Individualized Education Program ("IEP") is inadequate. He asserts that defendant made several changes to the IEP without the consensus of the IEP team and without data to support the decision. (Compl. ¶ 3.) He further alleges that the "major change was to remove the student assistant" and that prior to the removal of the student assistant, his son "was making significant progress." (Id. ¶¶ 4, 13.) Plaintiff states that he "complained at the IEP Meeting" and that he "filed an Education Due Process complaint." (Id. ¶¶ 5, 8.) He specifically alleges that the complaint was "fully adjudicated[,]" that he "appealed the Final Determination of the Hearing Officer[,]" and that "[a] final decision was made on October 28, 2010 in favor of the Defendant[]." (Id. ¶¶ 9-11.) At this stage in the litigation, plaintiff's minimal factual allegations regarding the exhaustion of administrative remedies are sufficient to survive the initial frivolity review.

Therefore, for the reasons set forth above, the court ADOPTS IN PART and REJECTS IN PART the magistrate judge's M&R (DE # 3). Plaintiff's application to proceed *in forma pauperis* is GRANTED, and plaintiff is ALLOWED to proceed with his IDEA claim, which is the only claim remaining before the court. To the extent that plaintiff has attempted to raise any other claims in this action, they are DISMISSED. The Clerk of Court is DIRECTED to issue a summons for defendant. The U.S. Marshal Service is DIRECTED to serve on defendant the summons along with a copy of the complaint.

4

This 1 July 2011.

                                      W. Earl Britt
                                      Senior U.S. District Judge