THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-539-BR

| THEODORE JUSTICE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| GRANVILLE COUNTY BOARD OF EDUCATION, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

This cause comes before the Court upon Plaintiff's motion to compel. (DE-31). Defendant has responded to this motion (DE-35), and the matter is now ripe for adjudication.

Plaintiff's Complaint asserts violations of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400-1482. This claim was fully adjudicated at the state level, including an appeal of the Final Decision of the Hearing Officer. (DE-8, ¶¶ 9-10). There has been no request from either party for the court to hear additional evidence. (DE-35, pg. 2). Nonetheless, Plaintiff now seeks an "order requiring Defendant . . . to produce" certain discovery. (DE-31, pg. 1).

Federal Rule of Civil Procedure 26(b)(1) states in relevant part, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." F.R.Civ.P. 26(b)(1). In order to be relevant, the information "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Here, it is unclear whether Plaintiff is entitled to discovery on his IDEA claim. In Schaffer ex rel. Schaffer v. Weast, the Fourth Circuit stated:

> Our decision in Springer, consistent with the law in other circuits, recognized that district courts have the discretion to tailor their proceedings and to limit the introduction of "additional evidence" under the IDEA. *See* 134 F.3d at 666-67 (citing cases). That authority was necessary, we held, to protect the role of the administrative hearing as the primary forum in which to resolve disputes regarding IEPs-to avoid turning the administrative hearing into a "mere dress rehearsal" followed by an "unrestricted trial de novo" in the district court. *Id*. at 667 (*quoting* Roland M. v. Concord Sch. Comm., 910 F.2d 983, 997 (1st Cir. 1990)). Indeed, state administrative hearings under the IDEA are entitled to "due weight." Bd. of Educ. v. Rowley, 458 U.S. 176, 206, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982). But if parties could always introduce additional evidence in the district court "to patch up holes in their administrative case," Springer, 134 F.3d at 667, administrative proceedings would no longer receive the weight that they are due.
>
> Schaffer ex rel. Schaffer v. Weast, 554 F.3d 470, 476 (4th Cir. 2009).

Regardless, Defendant now notes "[w]hile the undersigned had some difficulty discerning the nature of some plaintiff's requests and lodged several objections out of an abundance of caution, the undersigned provided plaintiff with all of the documents that appeared to be responsive to his requests." (DE-35, pg. 2). Likewise, Defendant contends "that with the production of . . . [supplemental discovery responses currently pending], all responsive documents will have been provided to plaintiff." *Id.* at pg. 3.

For these reasons, Plaintiff's motion to compel (DE-31) is DENIED. If any further discovery disputes are referred to the undersigned, sanctions will be imposed pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Wednesday, December 14, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE